IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cr-131-RAH-JTA |
| | ) | |
| CURRY D. WHITLOW | ) | |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is Defendant's motion to suppress evidence obtained from execution of a state search warrant at his residence on September 30, 2022. (Doc. No. 15.) After due consideration of the parties' arguments, the evidence, and applicable law, the Magistrate Judge concludes that the motion is to be denied.

## I.  PROCEDURAL HISTORY

On April 4, 2023, a grand jury sitting in the Middle District of Alabama returned a three-count indictment against Defendant Curry D. Whitlow charging him with the following offenses: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking case, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) On May 5, 2023, Whitlow was arraigned and entered a plea of not guilty. (Doc. No. 12.)

On June 9, 2023, Whitlow filed his motion to suppress. (Doc. No. 15.) The Government responded in opposition (Doc. No. 23), and Whitlow filed a reply (Doc. No.

24). On July 21, 2023, the court conducted a hearing on the motion to suppress.[1] (Doc. No. 26.) The matter is ripe for disposition.

## II. FACTS

On September 27, 2022, Roanoke Narcotics Investigator Joshua Bryar Crockett requested a search warrant to search Whitlow's residence. (Doc. No. 24-1.) In support of the warrant application, Crockett submitted the following affidavit, stating in relevant part:

> During the month of September 2022, Roanoke Narcotics Investigators learned that Curry Damon Whitlow is distributing illegal narcotics from his address located at 135 Nook Street, Roanoke, Randoph [sic] County, Alabama. In the past 72 hours Investigators met with a Confidential and Reliable Source who informed Investigators that the CS observed Whitlow in possession of a large amount of marijuana inside Whitlow's residence located at 135 Nook Street, Roanoke, Randolph County, Alabama. The confidential source has been proved reliable by conducting controlled purchases at my direction and also providing information that has been corroborated through other sources. The CS is also familiar with what marijuana looks like and how it is often packaged for distribution purchases.
>
> Based on the information listed above, I have reason to believe and do believe that marihuana; parapheranalia [sic] used to package, use and sell controlled substance, such as baggies, scales and documents or recordings relating to the sells [sic] of controlled substance, such as ledgers, telephone logs, notes, money, and firearms is being kept and stored for use and sell [sic] at 135 Nook Street, Roanoke, Randolph County, Alabama, the residence of Curry Damon Whitlow. Therefore, I request a search warrant for the residence, its curtilage, any outbuildings, any vehicles the property of/or in the possession of any persons at 135 Nook Street, Roanoke, Randolph County, Alabama 36274.

(*Id.* at 3.)

Randolph County District Judge Amy Newsome issued the requested search warrant on the date of its request at 1:47 p.m. (*Id.* at 4.) Law enforcement executed the search

---

[1] The parties presented no testimony during the hearing.

warrant on September 30, 2022 and recovered marijuana, suspected crack cocaine, suspected methamphetamine, cell phones, banded currency, drug paraphernalia, ammunition and a handgun. (*Id*. at 6-7.)

### III.   DISCUSSION

Whitlow argues the evidence recovered from execution of the search warrant should be suppressed because the affidavit used to obtain the warrant was insufficient to establish probable cause. He contends the affidavit lacks specificity because it fails to mention when the confidential informant observed marijuana in Whitlow's residence. He also contends the affidavit fails to provide any independent corroboration of the information provided by the confidential informant.

The Government responds that the information contained in the affidavit was sufficient for the issuing judge to determine there was a fair probability that contraband or evidence of a crime would be found at Whitlow's residence. The Government also argues that, as a matter of law, law enforcement was not required to attempt to corroborate any of the information relayed by the confidential informant. Alternatively, the Government argues that the good-faith exception under *United States v. Leon*, 468 U.S. 897 (1984) should apply.

Whitlow replies that the Government fails to address his specificity argument and fails to offer any corroboration for the information contained in the affidavit. Whitlow also argues that the good-faith exception in *Leon* is inapplicable because the search warrant affidavit failed to establish probable cause.

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts[.]" *Illinois v. Gates*, 462 U.S. 213, 232 (1983). When the issuance of the warrant is challenged for lack of probable cause, the reviewing court may consider only the information that was presented to the issuing [judge] and must "simply . . . ensure that the [issuing judge] had a substantial basis for" finding probable cause. *Gates*, 462 U.S. 238–39 (citation omitted); *United States v. Lockett*, 674 F.2d 843, 845 (11th Cir. 1982). The issuing judge's task, in turn, "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238.

The affidavit submitted to the issuing judge in support of the warrant application "'should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity.'" *United States v. Shabazz*, 887 F.3d 1204, 1214 (11th Cir. 2018) (quoting *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002)). "The information in the affidavit must also be fresh." *Martin*, 297 F.3d at 1314.

"Generally, if the affidavit relies on an informant, it 'must also demonstrate the informant's veracity and basis of knowledge.'" *United States v. Davis*, No. 21-12638, 2022 WL 17851986, at *1 (11th Cir. Dec. 22, 2022) (quoting *Martin*, 297 F.3d at 1314)).

4

Veracity and basis of knowledge, as tools "for assessing the usefulness of an informant's tips, are not independent." *United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999). "'[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for . . . by a strong showing as to the other[.]'" *Id*. (quoting *Gates* at 233). Moreover, in considering the totality of the circumstances, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *Martin*, 297 F.3d at 1314 (quoting *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000)); *see also Gates*, 462 U.S. at 238–39.

      Here, the four corners of the search warrant affidavit establish that the issuing judge had a substantial basis for finding probable cause. The affidavit establishes the basis of the confidential informant's knowledge – namely, that within 72 hours preceding the making of the affidavit, law enforcement learned from the confidential informant that the informant observed firsthand Whitlow in possession of a large amount of marijuana in Whitlow's residence and that the residence was located at 135 Nook Street. Firsthand observation is a sufficient basis of knowledge. *Gates*, 462 U.S. at 234 (holding that an informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitle[d] [the informant's] tip to greater weight than might otherwise be the case"); *United States v. King*, 233 F. App'x 969, 972 (11th Cir. 2007) (holding that a source's statement "that he or she personally observed drugs, a 'gold' gun, and money in [the defendant's] hotel room during a routine cleaning of the room," combined with the source's "statement indicating that he or she observed this contraband firsthand, entitled

his or her tip to deference"); *United States v. Johnson*, No. 3:08-CR-138-MEF, 2009 WL 102535, at *2 (M.D. Ala. Jan. 12, 2009) (finding that a confidential informant's report that he had been inside a residence where he saw the defendant in possession of drugs was sufficiently explicit and detailed to entitle the report to "greater weight" in determining reliability), *report and recommendation adopted*, No. 3:08-CR-138-MEF, 2009 WL 160374 (M.D. Ala. Jan. 22, 2009).

As for veracity, the affidavit states that the confidential informant "has been proven reliable by conducting controlled purchases at [Investigator Crockett's] direction and also providing information that has been corroborated through other sources." (Doc. No. 24-1 at 3.) The confidential informant also provided the address of 135 Nook Street as the residence at which the confidential informant saw Whitlow in possession of marijuana, and Investigator Crockett included a statement at the beginning of the affidavit verifying that Whitlow's address was 135 Nook Street. (*Id*.) Investigator Crockett also stated that "[d]uring the month of September 2022" law enforcement learned that Whitlow was distributing illegal narcotics from his address. (*Id*.) Under the circumstances, combined with the confidential informant's firsthand account of seeing Whitlow in possession of a large amount of marijuana while the informant was at Whitlow's residence, the affidavit's allegations of veracity are sufficient. *See United States v. Kilgro*, 232 F. Supp. 3d 1184, 1192 (N.D. Ala. 2017) (finding sufficient basis for probable cause where the "affiant . . . did attest to the informant's veracity (indicating that Officer Hairston previously worked with the same informant and that the information led to drug arrests of several individuals),

as well as the informant's basis of knowledge (firsthand observation of the defendant cooking methamphetamine)").

The undersigned is not persuaded by Whitlow's corroboration argument because "independent police corroboration is not required in each and every case." *United States v. Brundidge*, 170 F.3d 1350, 1353 (1999). Where, as here, the totality of the circumstances already sufficiently indicate the confidential informant's veracity and basis of knowledge, the informant's reliability does not require additional bolstering by independent corroboration. *Id. See also Johnson*, 2009 WL 102535, at *2 (finding that independent corroboration was not necessary where the confidential informant's report of seeing drugs in a residence bore sufficient indicia of reliability, including sufficiently detailed firsthand knowledge and the informant's past reliability), *aff'd*, 379 F. App'x 964 (11th Cir. 2010) (quoting *Brown v. Illinois*, 422 U.S. 590, 610–11 (1975) (Powell, J., concurring in part)). On its face, the warrant affidavit contains sufficient information to establish the confidential informant's veracity and basis of knowledge, and contains sufficient information to supply the issuing judge with a reasonable basis to believe that there was a fair probability that contraband would be found at Whitlow's residence at 135 Nook Street, Roanoke, Randolph County, Alabama. *See United States v. Hendon*, 253 F. App'x 809, 812 (11th Cir. 2007) (holding that, "[b]ased on the CI's first-hand observation of the drugs at 408 C North Brazier Drive . . . within 72 hours of the warrant's issuance, it cannot be said that it was objectively unreasonable for the officer to believe that there was a 'fair probability' of finding contraband in" that location).

Likewise, the undersigned is not persuaded by Whitlow's specificity argument. Contrary to Whitlow's assertion, the time frame provided in the affidavit is specific. The affidavit provides that within 72 hours of the issuance of the warrant, law enforcement met with the confidential informant who informed them that the confidential informant observed firsthand "Whitlow in possession of a large amount of marijuana inside Whitlow's residence located at 135 Nook Street." (Doc. No. 24-1 at 3.) Although this statement, which was drafted by Investigator Crockett, does not detail precisely when the confidential informant made their first-hand observation, the statement is sufficiently detailed. *See Gates*, 462 U.S. at 235 (recognizing that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."); *United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994) ("Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations.") (citation omitted); *United States v. Mobley*, No. CR 118-005, 2018 WL 2329783, at *4 (S.D. Ga. May 23, 2018) ("The affidavit clearly states Investigator Capitosti relied on fresh information just received from the CI within forty-eight hours of the application."), *report and recommendation adopted*, No. CR 118-005, 2018 WL 3029107 (S.D. Ga. June 18, 2018). Using common sense in evaluating the search warrant affidavit, the undersigned

finds that the search warrant affidavit provided the issuing judge with a "substantial basis" for finding probable cause to search Whitlow's residence. *Gates*, 462 U.S. at 238-39.

Moreover, even if the search warrant affidavit was lacking in probable cause, *Leon*'s good faith exception applies. *United States v. Leon*, 468 U.S. 897 (1984). In *Leon*, the Supreme Court held that exclusion of evidence seized pursuant to a warrant based on a lack of probable cause is appropriate only "if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id*. at 936. Thus, "courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *Martin*, 297 F.3d at 1313 (citing *Leon*, 468 U.S. at 922).

*Leon*'s good faith exception, however, does not apply in the following four sets of circumstances: "(1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing [judge] wholly abandoned [her] judicial role …; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id*. (internal quotation marks and citations omitted).

9

Here, there is nothing before the court which suggests that Investigator Crockett acted dishonestly, recklessly, or with objective unreasonableness. Further, reviewing only the face of the search warrant affidavit, and as discussed above, the undersigned finds sufficient indicia of probable cause. *See Martin*, 297 F.3d at 1313 ("[W]e look to the face of the particular affidavit at hand in order to determine whether the warrant is so devoid of probable cause that [the officer's] belief in its validity at the time it was issued was entirely unreasonable.") Finally, none of the other three described sets of circumstances apply here to render the *Leon* good faith exception inapplicable.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Suppress (Doc. No. 15) be DENIED. It is further

ORDERED that the parties shall file any objections to the said Recommendation not later than **September 8, 2023.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to-factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-


1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of August, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE