IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-CR-131-RAH |
| | ) | |
| CURRY D. WHITLOW | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Curry D. Whitlow ("Whitlow") was charged on April 4, 2023, in an indictment with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking case in violation of 18 U.S.C. § 922(c)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)

On June 9, 2023, Whitlow filed a motion to suppress (Doc. 15), in which he sought to suppress all evidence recovered during the search of his residence on Nook Street.  Specifically, he claimed the search warrant affidavit was deficient because it did not specify when the confidential source observed him in possession of narcotics or set forth any independent corroboration of the confidential source's information. He asserts all the evidence should be suppressed because the search violated the Fourth Amendment to the United States Constitution.  On July 21, 2023, the Magistrate Judge held oral argument on the motion.  Thereafter, the Magistrate

Judge recommended the Court deny the motion to suppress. (Doc. 27.) On September 8, 2023, Whitlow filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. 27.) Upon an independent and *de novo* review of the record, and for the reasons that follow, the Court overrules Whitlow's Objections and adopts the Magistrate Judge's Recommendation that Whitlow's Motion to Suppress should be denied.

## I.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.*

## II.  DISCUSSION

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The Amendment protects individuals against unreasonable searches of "their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original). The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020).

Whitlow contends that the affidavit supporting the issuance of the search warrant did not establish probable cause. A court reviewing the issuance of a search warrant by a state court judge is not to conduct a de novo probable cause determination, but is merely to decide whether the evidence viewed as a whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued. *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984) (per curiam); *Gates*, 462 U.S. at 236.

> The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the

> affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 238–39 (alteration in original). Probable cause "is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).

The affidavit at issue provides the following information:

> During the month of September 2022, Roanoke Narcotics Investigators learned that Curry Damon Whitlow is distributing illegal narcotics from his address located at 135 Nook Street, Roanoke, Randoph [*sic*] County, Alabama. In the past 72 hours Investigators met with a Confidential and Reliable Source who informed Investigators that the CS observed Whitlow in possession of a large amount of marijuana inside Whitlow's residence located at 135 Nook Street, Roanoke, Randolph County, Alabama. The confidential source has been proved reliable by conducting controlled purchases at my direction and also providing information that has been corroborated through other sources. The CS is also familiar with what marijuana looks like and how it is often packaged for distribution purchases.

> Based on the information listed above, I have reason to believe and do believe that marihuana; parapheranalia [*sic*] used to package, use and sell controlled substance, such as baggies, scales and documents or recordings relating to the sells [*sic*] of controlled substance, such as ledgers, telephone logs, notes, money, and firearms is being kept and stored for use and sell [*sic*] at 135 Nook Street, Roanoke, Randolph County, Alabama, the residence of Curry Damon Whitlow. Therefore, I request a search warrant for the residence, its curtilage, any outbuildings, any vehicles the property of/or in the possession of any persons at 135 Nook Street, Roanoke, Randolph County, Alabama 36274.

(Doc. 24-1 at 3.)

Whitlow's objections are essentially the same as the arguments set forth in his motion to suppress and presented at the hearing before the Magistrate Judge. He argues the affidavit is vague as to the time of the informant's observation of contraband and that it lacks any independent corroboration of his/her reliability.

Whitlow's argument that the affidavit is silent as to the timing of the observation is unavailing. This Court agrees with the Magistrate Judge that, "[a]lthough this statement, which was drafted by Investigator Crockett, does not detail precisely when the confidential informant made their first-hand observation, the statement is sufficiently detailed." (Doc. 27 at 8.)

The Court likewise agrees with the Magistrate Judge's determination that the informant's veracity and basis of knowledge are clearly set forth within the four corners of the search warrant. The informant's observations were first-hand and he/she had been proven reliable by conducting controlled purchases at the affiant's direction. As discussed by the Magistrate Judge, the totality of the circumstances sufficiently established the confidential informant's veracity and basis of knowledge for purposes of issuing the warrant. (*Id.* at 7) (citing, *e.g.*, *United States v. Brundidge*, 170 F.3d 1350, 1353 (1999)).

Moreover, as discussed by the Magistrate Judge, even if the Court were to assume *arguendo* the affidavit is somewhat deficient, it cannot conclude that it was

"so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (*Id.* at 9) (quoting *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (citing *United States v. Leon*, 468 U.S. 897 (1984)).

Accordingly, it is

ORDERED that the Objections (Doc. 28) are OVERRULED, the Recommendation (Doc. 27) of the Magistrate Judge is ADOPTED, and the Motion to Suppress (Doc. 27) is DENIED.

DONE, on this the 22nd day of September 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE